DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which, following a sexual predator classification hearing, found appellant, Joe William Liles, to be a sexual predator. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following two assignments of error:
 "I. THE CLASSIFICATION OF THE APPELLANT AS A SEXUAL PREDATOR, WHICH IS IN THE HIGHEST RISK
 CLASSIFICATION, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR BASED ON FINDINGS OF FACT BY THE COURT WHICH ARE NOT SUPPORTED BY THE RECORD.
 "II. THE TRIAL COURT'S FINDING THAT APPELLANT IS A SEXUAL PREDATOR [AND A RISK FOR RE-OFFENDING] IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
The following facts are relevant to this appeal. In 1991, following a jury trial, appellant was found guilty of one count of felonious sexual penetration, an aggravated felony of the first degree, in violation of R.C. 2907.12. The victim was a twenty-one month old girl who had been entrusted to his care by the natural mother. Appellant, a married man, was living with the mother at the time of the crime. Appellant was sentenced to ten to twenty-five years in prison. That conviction was affirmed by this court and the operative facts and history are well documented therein. State v. Joe William Liles (June 30, 1992), Huron App. No. H-91-033, unreported.
The instant proceedings involve an appearance before the sentencing forum for an H.B. 180, sexual predator classification hearing in March 2000. The matter was heard by a different judge than the sentencing judge and the evidence presented by a different prosecutor. Following the hearing, the trial court executed its findings and judgment. On March 23, 2000, the court overruled motions of the defense and labeled the defendant a sexual predator, pursuant to R.C. Chapter 2950, be subject to the registration and community notification requirement therein contained.
The trial court reviewed the original trial transcript, the pre-sentence investigation and forensic report, and received testimony. It found, inter alia, that the offender was twenty-eight at the time of the offense (thirty-nine now); the victim was twenty-one months old at the time of the offense; there were no multiple victims; there was no evidence of use of drugs or alcohol to impair the victim; no evidence of prior conviction of crime; no evidence of mental illness or mental disability; that the appellant's conduct consisted of rape of a twenty-one month old girl by inserting his penis into her rectum; no evidence of a pattern of abuse; no evidence (other than the act in question) that appellant displayed cruelty or threats thereof; that appellant was in loco parentis at the time; that appellant has consistently denied the act; that appellant's explanation was not credible; and that he has participated in appropriate education programs.
The trial court also noted that a psychologist, in 1991, found that appellant was not amenable to out-patient treatment in a sex offender program because of his strong denial of wrongdoing. The court further found that appellant has still not publicly acknowledged his commission of the act notwithstanding sex offender treatment in prison.
In concluding that appellant's "Motion for an Order
Finding R.C. 2950.09(C) Inapplicable" should be denied, the court stated:
 "Because of the nature of the act for which the Defendant is imprisoned, Defendant's continuing denial of responsibility for the act, the strong circumstantial evidence that supported Defendant's conviction and the continuing risk for re-offending posed by a sex offender who does not acknowledge his wrongful act, the Court finds that the State has proved by clear and convincing evidence that the Defendant should be labeled a sexual predator."
In appellant's first assignment of error, he argues that his classification as a sexual predator is against the manifest weight of the evidence. This court finds no merit in this assignment of error.
Weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial in support of one side of the issue rather than the other. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Judgments supported by some competent and credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides:
 "In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
Appellant advances several arguments in support of his first assignment of error. Appellant argues that some of the findings stated in the trial court's judgment entry are not supported by the record. Specifically, appellant argues that the findings that "the nature of his conduct is a rape * * * by inserting his penis into her rectum" and that "his explanation that the victim fell on shampoo bottle is not credible" are not supported by the record. Appellant also argues that most of the findings stated in the trial court's judgment entry are exculpatory and, thus, do not support the sexual predator classification.
In regard to the finding of rape by inserting his penis into the victim's rectum, a treating physician testified at trial that the victim's rectal injuries "were due to forced penetrating trauma, repetitive trauma to this area probably as a result of sexual abuse of some sort." The doctor also testified that the trauma was not the result of one penetration but was "repetitive, forceful trauma, penetrating into the rectum." The doctor was unable to state what object was used to cause that trauma and agreed he could not state whether it was fingers, penis or artificial object. Additionally, appellant is correct that the victim's mother had offered the explanation that the victim had fallen on a shampoo bottle while in the shower.[1]
Although this court agrees with that some misstatement of the facts appear in the trial court's judgment entry, this court finds that these factual misstatements do not affect the validity of the trial court's classification of appellant as a sexual predator. The evidence at trial was that whether caused by fingers, penis or artificial object, the victim's rectal injuries "were due to forced penetrating trauma, repetitive trauma to this area probably as a result of sexual abuse of some sort."
Moreover, in regard to appellant's argument that most findings were exculpatory, this court agrees with the following as stated by the court in State v. Mollohan (Aug. 19, 1999), Washington App. No. 98 CA 13, unreported:
 "First, we find nothing in the statute which suggests that one's status as a sexual predator is determined simply by `tallying up' factors, pro and con, and then determining which group is larger. An offender could conceivably be classified as a sexual predator based on only one or two factors from R.C. 2950.09(B)(2). Courts must consider the particular facts of each case and look at the `totality of the circumstances' rather than engage in a rote mathematical computation to determine a criminal defendant's sexual offender status."
See, also, State v. Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported ("* * * R.C. 2950.09(B)(2) does not require that all listed factors be met before an offender can be classified as a sexual predator.")
Upon our independent examination of the evidence, this court is satisfied that the trial court did not rule against the manifest weight of the evidence in its findings, and that the findings of the court support the conclusion that appellant is appropriately labeled a sexual predator per R.C. 2950.01(E).
Accordingly, appellant's first assignment of error is found not well-taken.
In appellant's second assignment of error, he argues that the trial court's finding that he is a sexual predator is not supported by sufficient evidence. This court finds no merit in this assignment of error.
After reviewing the testimony and the evidence, and considering the factors found in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence," it does not rise to the level of "evidence beyond a reasonable doubt."State v. Ingram (1992), 82 Ohio App.3d 341, 346.
The record before the trial court was sufficient to meet the standard of clear and convincing evidence that appellant was likely to re-offend. This court agrees with the reasoning of the Tenth District Court of Appeals in its cogent argument that the tender age of the victim may be considered inherently indicative of a strong likelihood to re-offend:
 "* * * [There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. (Citations omitted.) The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. * * *" State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (affirming a finding of likelihood to re-offend based upon single conviction involving four-year-old victim).
In accord, State v. Stauter (July 17, 1998), Greene App. No. 97 CA 72, unreported. (Overwhelming statistical evidence supports the high potential of recidivism among sex offenders whose crimes involve exploiting young children.). See, also, State v. Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported (victim's age is a powerful factor when determining the sexual predator status).
The trial court also noted that appellant was in a relationship of "in loco parentis" at the time of the incident. The fact that a defendant occupied a position of trust and authority has been noted as a relevant factor by courts in their classification determinations. See, State v.Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported; State v.Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported.
This court also finds the following language from State v. Osborne
(July 28, 1999), Summit App. No. C.A. 18848, unreported, instructive:
 "* * * These [R.C. 2950.09(B)(2)] factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. (Citations omitted.)"
See, also, State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported:
 "The enumerated criteria are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator.
"* * *
 "* * * R.C. 2950[.09](B)(2) requires not that each factor be met, but only that each factor be considered."
This court cannot say that the state failed to present clear and convincing evidence that appellant fit the statutory profile of a sexual predator. The finding and conclusion is supported by the record.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J. concur.
 ____________________________ John R. Milligan, J., JUDGE
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The record also contains the victim's mother's testimony that at the time of the trial appellant was her boyfriend and lover.